UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA VALENTIN,

    Plaintiff,

v.                              Case No. 8:20-cv-2741-VMC-CPT

SALSON LOGISTICS, INC.,
and TERRY MAYS,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Erika Valentin's Motion in Limine (Doc. # 35), filed on October 29, 2021. Defendants Terry Mays and Salson Logistics, Inc. responded on November 12, 2021. (Doc. # 37). For the reasons that follow, the Motion is granted in part and denied in part.

**I.  Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in

limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403

3

to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

## II. Discussion

In her Motion, Valentin seeks an order excluding numerous categories of evidence and limiting the testimony of Defendants' expert, Jeremy Reimer. The Court will address these issues one by one.

### A. Referral to Physician

Fist, Valentin seeks to exclude any evidence or testimony that Valentin "was referred to any physician or medical provider by [her] attorney(s)" because "[t]o allow this type of testimony would unfairly prejudice [her] and has no probative value to the merits of the case." (Doc. # 35 at 1). She also argues that this testimony is protected by attorney-client privilege. (Id.). Defendants oppose this request. (Doc. # 37 at 1-2).

Valentin is correct that this testimony should be excluded because the fact that her attorney referred her to particular medical providers is protected by attorney-client privilege. See Worley v. Cent. Fla. Young Men's Christian

4

Ass'n, Inc., 228 So. 3d 18, 25 (Fla. 2017) ("[W]e find that the question of whether a plaintiff's attorney referred him or her to a doctor for treatment is protected by the attorney-client privilege."); Burt v. Gov't Emps. Ins. Co., 603 So. 2d 125, 125–26 (Fla. 2d DCA 1992) ("[T]he second question [concerning whether counsel referred plaintiff to a particular physician] seeks discovery of confidential communications constituting her attorney's advice regarding this lawsuit. Such advice is not intended to be disclosed to third parties. The question does not elicit the underlying fact of whether she saw a particular physician, but rather elicits whether she saw the physician at her attorney's request."). Thus, the Motion is granted as to this category of evidence or testimony.

    B.    **Hiring of Attorney**

Next, Valentin seeks to exclude "[a]ny testimony regarding the time period or circumstances under which [Valentin] hired an attorney." (Doc. # 35 at 2). Defendants also oppose this request. (Doc. # 37 at 2).

The Court agrees with Defendants that this testimony is not protected by attorney-client privilege. See Burt, 603 So. 2d at 125 (holding that a question asking when an individual obtained counsel "does not violate the attorney-client

5

privilege"); Barr v. Ewing, 774 F. App'x 547, 551 (11th Cir. 2019) ("[R]equiring a litigant 'to reveal when and with whom she consulted for the general purpose of discussing possible legal remedies' stemming from an injury 'does not . . . implicate the attorney-client privilege.'" (citation omitted)). Also, the Court does not consider this testimony irrelevant or unfairly prejudicial. Defendants are correct that "the background facts of this accident, including the events following it, are relevant and admissible as its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." (Doc. # 37 at 2).

The Motion is denied as to this category of evidence and testimony.

### C. Undisclosed Expert Opinions

Valentin also seeks to exclude "[a]ny testimony by defense experts regarding opinions that were not previously disclosed in their depositions or written reports." (Doc. # 35 at 2).

Defendants have failed to address this request in their response. Thus, this part of the Motion is unopposed. The Court grants the Motion and Defendants' experts may not

6

proffer previously undisclosed opinions at trial. See Fed. R. Civ. P. 37(c)(1) ("Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

### D. Immigration Status and Driver's License

Valentin seeks to exclude any evidence or discussion of her immigration status or the fact that her only driver's license was issued in Mexico, rather than the United States. (Doc. # 35 at 2-3).

Regarding immigration status, Defendants state that they have "no intention to call into question [Valentin's] immigration status." (Doc. # 37 at 3). Thus, the Motion is unopposed as to questions about Valentin's immigration status and the Court grants the Motion as to that category of evidence.

However, Defendants argue that evidence regarding Valentin's lack of a U.S.-issued driver's license and possession of only a Mexican driver's license should not be excluded. (Id. at 2-3). First, Defendants argue this evidence is relevant because Valentin's competence as a driver may be

7

at issue during trial and her possession of or lack of a driver's license relates to that issue. (Id. at 3); see Lopez v. Wink Stucco, Inc., 124 So. 3d 281, 283 (Fla. 2d DCA 2013) ("The admissibility of evidence of a violation of a licensing statute is a question of law that turns on the relevancy of that evidence as it pertains to the facts of a particular case. In order for such evidence to be admissible, there must be 'a causal connection between that violation and the injuries incurred.' To establish this causal connection the driver's competence and experience must be placed at issue in the case." (citations omitted)). More persuasively, Defendants also insist that "evidence of [Valentin's] failure to possess a valid U.S. driver's license, as well as her possession of a Mexican driver's license, are admissible for impeachment purposes as she testified at deposition that she possessed a valid U.S. license and omitted her possession of a Mexican license." (Id.).

Given the arguable relevance of the driver's license evidence and its possible use for impeachment, the Court denies the Motion as to the driver's license evidence at this time. The Court cannot determine outside the context of trial whether this evidence should be admitted under Rule 403.

8

Valentin may raise objections at trial, if appropriate, when Defendants attempt to introduce this evidence.

### E. Issues with Expert Witness Reimer

Valentin also seeks to limit Defendants' expert witness Jeremy Reimer's testimony. (Doc. # 35 at 3-5). Valentin primarily attempts to limit Reimer's expert testimony based on his qualifications and methodology. Indeed, she argues that Reimer's methodology is unreliable and irrelevant because he "utilizes Medicare Reimbursement Rates as the sole source for 'average' and 'high' reimbursements" in opining that the medical bills charged by Valentin's medical providers were unreasonable. (Id. at 4). Additionally, Valentin argues that Reimer "should not be allowed to testify as to the necessity or reasonableness of the medical care provided by [Valentin's] physicians" because he "is not a medical doctor." (Id. at 5).

These arguments should have been raised in a Daubert motion by the deadline to file Daubert motions, which passed on August 13, 2021. (Doc. # 15). Because this aspect of the Motion is an untimely Daubert motion, the Court denies the Motion as to the attempt to limit Reimer's testimony based on his qualifications and methodology.

9

To the extent Valentin's request to exclude Reimer's testimony as to "suspicious" billing practices by Valentin's medical providers can be interpreted as a proper motion in limine, the Motion is also denied at this time. The Court agrees with Defendants that "[n]ot only may Reimer testify on the reasonableness and necessity of [Valentin's] bills, including the applicability of the CPT codes used, his testimony may also be used to call into question the credibility of [Valentin's] treating physicians/expert witnesses that have billed for [Valentin's] medical treatment." (Doc. # 37 at 7). If appropriate, Valentin may raise specific objections during Reimer's testimony at trial regarding this issue.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Erika Valentin's Motion in Limine (Doc. # 35) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of January, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE