UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA VALENTIN,

    Plaintiff,

v.                       Case No. 8:20-cv-2741-VMC-CPT

SALSON LOGISTICS, INC.,
and TERRY MAYS,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court upon consideration of Defendants Terry Mays and Salson Logistics, Inc.'s Omnibus Motion in Limine (Doc. # 36), filed on November 1, 2021. Plaintiff Erika Valentin responded on November 19, 2021. (Doc. # 40). For the reasons that follow, the Motion is granted in part and denied in part.

**I.**    **Legal Standard**

    "A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in

limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)(citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II.  Discussion

Defendants seek to exclude or limit the testimony of two physicians Valentin intends to call at trial: Dr. Buchholz and Dr. Highsmith.

### A.  Dr. Buchholz

First, Defendants argue that Dr. Buchholz should not be allowed to testify as to causation and Valentin's future medical care because Valentin did not disclose Dr. Buchholz's expert report under Rule 26(a)(2)(B). (Doc. # 36 at 7).

"A treating physician may testify as either a lay witness or an expert witness; however, in order to testify as an expert witness, the physician must provide the required

disclosures under either Rule 26(a)(2)(B) or Rule 26(a)(2)(C)." Sweat v. United States, No. 8:14-cv-888-EAK-JSS, 2015 WL 8270434, at *2 (M.D. Fla. Dec. 8, 2015) (citations omitted). Typically, treating physicians are only required to satisfy the lower standard of Rule 26(a)(2)(C). See Bostick v. State Farm Mut. Auto. Ins. Co., No. 8:16-cv-1400-VMC-AAS, 2017 WL 2869967, at *2 (M.D. Fla. July 5, 2017) ("Under the plain language of Rule 26(a)(2)(B), Bostick's treating physicians were not required to provide written reports because they were not retained or specially employed to provide expert testimony."). Indeed, the Advisory Committee Notes to Rule 26 state:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. **Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony.** Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Fed. R. Civ P. 26(a)(2)(C) (Advisory Committee's Note to the 2010 Amendment) (emphasis added).

Pursuant to Rule 26(a)(2)(C), a party must submit an expert disclosure for any expert witness not required to

submit an expert report. That expert disclosure must state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

It is undisputed that Valentin did not provide a Rule 26(a)(2)(B) expert report for Dr. Buchholz. But Defendants admit that Dr. Buchholz "was disclosed under Rule 26(a)(2)(C), and 'designated as hybrid witnesses and/or treating physician and who has not been specially retained by [Valentin] to provide expert testimony within the meaning of Rule 26(a)(2)(B).'" (Doc. # 36 at 1-2). Additionally, Dr. Buchholz was again disclosed in Valentin's supplemental expert disclosures under Rule 26(a)(2)(C) "to testify on 'causation of [Valentin's] injuries; [and] the anticipated future medical care and treatment.'" (Doc. # 36 at 1-2).

Here, Valentin was only required to provide an expert disclosure under Rule 26(a)(2)(C) for Dr. Buchholz because he was her treating physician and, thus, not specially employed to testify as an expert. Bostick, 2017 WL 2869967, at *2. It is undisputed that Valentin did this. Thus, the failure to provide a Rule 26(a)(2)(B) expert report does not preclude Dr. Buchholz from testifying as an expert at trial. And

5

Defendants fail to argue that Dr. Buchholz should not be allowed to testify as to causation and future medical care because Valentin's expert disclosures fell below what is required by Rule 26(a)(2)(C).

Thus, the Motion is denied as to Dr. Buchholz.

**B.   Dr. Highsmith**

Next, Defendants seek to exclude the testimony of Dr. Highsmith: "Dr. Highsmith's testimony should be excluded in its entirety because [Valentin] failed to comply with the disclosure requirements of Rule 26(a)(2)(B), and Dr. Highsmith cannot be classified as an expert under Rule 26(a)(2)(C)." (Doc. # 36 at 10).

In her initial expert disclosures, Valentin "reserve[d] the right to elicit expert testimony from" Dr. Highsmith, whom she described as a "treating physician[] . . . who ha[s] not been specially retained by [Valentin] to provide expert testimony within the meaning of Rule 26(a)(2)(B)." (Doc. # 36-1 at 3-4). Valentin went on to explain the subjects about which Dr. Highsmith and the other listed physicians were "anticipated to testify." (Id. at 3).

Then, in her supplemental expert disclosures, Valentin did not disclose Dr. Highsmith as an expert. (Doc. # 36-2 at 1-2). Oddly, however, an expert report signed by Dr. Highsmith

was attached to the supplemental expert disclosures. (Id. at 5-12).

Regarding Rule 26(a)(2)(C), Defendants argue that Dr. Highsmith "has never personally treated [Valentin]" and so "has no basis to offer testimony on matters within the scope of his observation, diagnosis, and treatment of [Valentin], since there was none." (Doc. # 36 at 11-12). Although Valentin argues that Dr. Highsmith has treated her "since his deposition" in August 2021 (Doc. # 40 at 2), he was not her treating physician at the time of the expert disclosures deadline when he was disclosed as a treating physician. Therefore, Dr. Highsmith was not a treating physician at the time of the expert disclosures and, rather, appears to have been "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Thus, he should have satisfied the higher expert disclosure requirement under Rule 26(a)(2)(B).

Regarding Rule 26(a)(2)(B), Defendants argue that the expert report Dr. Highsmith provided as an attachment to Valentin's supplemental expert disclosures is insufficient because Dr. Highsmith was not listed in the supplemental disclosure itself. Rather, only Dr. Buchholz was listed in the supplemental expert disclosure. (Doc. # 36-2 at 1).

Additionally, Defendants highlight that Dr. Highsmith's report itself fails to include many of the required categories under Rule 26(a)(2)(B). (Doc. # 36 at 13). Under Rule 26(a)(2)(B), an expert's report must contain six categories of information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Defendants are correct that Dr. Highsmith's report notably fails to include "the witness's qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be

paid for the study and testimony in the case." <u>See</u> (Doc. # 36-2 at 5-12). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Valentin explains that the elision of Dr. Highsmith from the supplemental expert disclosure, even though he was listed in the original expert disclosures, was the result of "a mix up on who was supposed to sign the report and be disclosed." (Doc. # 40 at 1-2). She emphasizes that Defendants were aware that Dr. Highsmith had drafted the expert report attached to the supplemental expert disclosures and was able to take Dr. Highsmith's deposition before the discovery deadline. (<u>Id.</u>). But Valentin fails to persuasively address the required categories of information that Dr. Highsmith did not include in his report. At most, Valentin argues that Defendants did not ask for Dr. Highsmith to supplement his report with the required additional information so should not now be able to move for exclusion of Dr. Highsmith. (<u>Id.</u> at 2).

The Court disagrees with Valentin. Defendants did not waive the issue of the insufficiency of Dr. Highsmith's report

by failing to ask Valentin to supplement that report. It was Valentin's duty to ensure that her expert witness provided a report in compliance with Rule 26(a)(2)(B). Because she failed to do so, Dr. Highsmith's testimony must be excluded unless this failure was substantially justified or harmless. See Simon v. Healthsouth of Sarasota Ltd. P'ship, No. 8:12-cv-236-VMC-AEP, 2021 WL 268496, at *2 (M.D. Fla. Jan. 27, 2021) ("Defendants argue that Dr. Clarke's report should be excluded under Rule 37(c)(1) because it fails to include all the information required by Rule 26(a)(2)(B). The Court agrees. Dr. Clarke's report, which is merely styled as a declaration, fails to include the required list of publications he has authored, exhibits he would use, a list of cases in which he has testified as an expert, or a statement of his compensation." (citations omitted)).

Although Defendants have been aware of Valentin's intention to call Dr. Highsmith and were able to depose Dr. Highsmith, the Court is not convinced that Valentin's failure to provide a compliant expert report was substantially justified or harmless. Valentin has not provided a reason why Dr. Highsmith did not provide a report that complied with Rule 26(a)(2)(B). And the Court is not convinced that Valentin's violation of the Federal Rules was harmless such

that it has caused no prejudice to Defendants. See Weaver v. Lexington Ins. Co., No. 8:05-cv-1913-JDW-TBM, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007) ("[A] party's failure to properly disclose an expert witness is harmless when no prejudice results to the opposing party." (citation omitted)). Thus, Dr. Highsmith may not testify as an expert at trial. The Motion is granted as to Dr. Highsmith.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Terry Mays and Salson Logistics, Inc.'s Omnibus Motion in Limine (Doc. # 36) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of January, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE